HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN B. TUCK & DANIEL P. TUCK,<br><br>                Plaintiffs,<br><br>      v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br><br>                Defendants. | No. CV11-5236RBL<br><br>ORDER DENYING MOTION FOR TRO AND GRANTING MOTION TO DISMISS<br>[Dkt. #s 6 & 12] |

      This matter is before the court on the Plaintiffs' Motion for a Temporary Restraining Order [Dkt. #12], and Defendants' Motion to Dismiss [Dkt. #6]. Plaintiff seeks to enjoin the Defendants from pursuing foreclosure on their Property. Plaintiffs' Complaint and Motion claim a variety of improprieties and violations in the manner in which the Defendants acquired and seek to foreclose on their Note and Deed of Trust. Defendants claim that the Complaint is a stock," perhaps internet-sourced, pro se complaint which has been filed, unsuccessfully, in various courts (including this one) by in-default debtors facing foreclosure.

      Plaintiffs claim to be the party of record with exclusive possessory rights to Property commonly known as 10170 McKinley Avenue East, Tacoma, WA, 98445. They admit they borrowed $240,000 to purchase the property in 2005, but allege that they were unfamiliar with the loan documents and that the lenders 'took advantage of them." As a result, they claim, they do not owe the lenders anything. The Defendants apparently contend Plaintiffs owe almost $40,000 in past due payments on the loan. Plaintiffs seek a ruling from the court that they are not

ORDER - 1

in default and that the foreclosure process was flawed.  The court's docket does not reflect that Plaintiffs filed or served any summons with their Complaint, and the "Certificate of Service" incorporated into it alleges only that he Compliant was mailed to the Defendants.

Defendants seeks Dismissal of the plaintiffs' Complaint with prejudice under Rule 12(b)(6), or, alternatively, Rule 12(b)(5)(insufficiency of service of process).  Defendants argue that Plaintiffs have failed to make any factual allegations supporting any claim for relief, including the Complaint's inherent claim of fraud or wrong-doing in connection with the foreclosure.  They argue, persuasively, that the Plaintiffs' claims are not plausible in the face of the documents they rely upon and in the face of Washington law.  They argue further that amendment would be futile and that Complaint should be dismissed without leave to amend.

Plaintiffs' Motion [Dkt. #12] contains the following general and conclusory contentions:
- They have not defaulted on the subject loan.
- They will be irreparably harmed by foreclosure.
- They are likely to prevail on the merits of their complaint.
- The Public has an interest in exposing fraud and attorney misconduct.
- The hardship of enjoining the sale on the Defendants is not nearly as great as the hardship to the Plaintiffs in allowing the foreclosure.
- Defendants have altered the deed of trust document.
- Defendant Northwest Trustee services (NWTS) has "never been appointed."

**Discussion.**

**1. Standard for Dismissal under fed. R. Civ. P. 12(b)(6).**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual

ORDER - 2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

**2.  Standard for Obtaining a Temporary Restraining Order.**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)

(holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

***

As an initial matter, Plaintiffs have failed as a matter of law to establish their right to a Temporary Restraining Order. Plaintiffs can establish the element of irreparable harm. But they have not met, and cannot meet, their burden of establishing that the remaining factors weigh in favor of a TRO.

Because the Plaintiffs are proceeding *pro se*, the Court extends some latitude to their pleadings. Nevertheless, the bulk of Plaintiffs' arguments appear to rest on the purely conclusory allegation that the Defendants did not follow the strictures of Chapter 61.24 RCW in initiating the foreclosure, and that as a result the Plaintiffs are somehow not obligated to repay the purchase money they admit they borrowed. Moreover, as this Court has concluded previously, courts "have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

The Plaintiffs have not established any remote likelihood of success on the merits of their claims. It appears from Plaintiffs' own filings that they have not paid on the mortgage; they claim instead that the Defendants' conduct has obviated the obligation for them to do so. But the Plaintiffs have not articulated, much less demonstrated, what the defendants did wrong, and they have failed to show how any such error would have the effect of relieving the Plaintiffs of the obligation to repay their debt.

Nor have the Plaintiffs met their burden of establishing that the balance of equities tips in their favor. They have alleged hardship (a separate element) but have not even addressed how the equities are in their favor. They do allege sweat equity" in the property, but that is not an equitable factor and it does not trump the loan contract they admit they signed and failed to perform. On the other hand, the plaintiffs have apparently been in possession of a home they have not paid for, for some period of time. The balance of equities tips in favor of Defendants.

The final factor is the public interest. While it is perhaps true that the public has an interest in exposing and preventing fraud and attorney misconduct, Plaintiffs have made no showing whatsoever that either of those things occurred in this case. And it is clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting every bank in the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

The Plaintiffs have not met their burden to obtain a TRO. Their Motion [Dkt. #12] for such relief is therefore DENIED.

For the same reasons, the Plaintiffs complaint fails to establish a plausible claim for relief under the Rule 12(b)(6) and *Twombly/Iqbal* standard. The Defendants' Motion to Dismiss [Dkt. #6] under that Standard is GRANTED. Additionally, the Plaintiffs have not effected proper service of process under Rule 4. The Motion to Dismiss under Rule 12(b)(5) [Dkt. #6] is therefore also GRANTED.

The final question is whether the Dismissal should be with or without prejudice. On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

It does not appear that Plaintiffs could amend their complaint, consistent with the allegations they have already made and with the documents in the record, to assert viable claims against the Defendants.

The Plaintiffs' Complaint is therefore DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2011.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE